UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRO-TEC EQUIPMENT, INC.,

      Plaintiff,

v.

CASCADE SHORING, LLC, and
CLIFF BECKMANN,

      Defendants.
                                 /

Case No. 1:09-CV-765

HON. GORDON J. QUIST

## **OPINION**

### Introduction

Plaintiff, Pro-Tec Equipment, Inc. ("Pro-Tec"), sold shoring equipment on account to Defendant Cascade Shoring, LLC ("Cascade"). Cascade then signed a Promissory Note, promising Pro-Tec that Cascade would repay the outstanding balance on demand. At the same time, Cascade granted Pro-Tec a security interest in the equipment through a Security Agreement, and Cliff Beckmann ("Beckmann") signed a Guaranty agreement stating that he personally guaranteed payment of the Promissory Note on demand. Pro-Tec made a demand, but Cascade and Beckmann failed to pay the balance of the Promissory Note. Pro-Tec has now sued Cascade, alleging four counts: (1) breach of promise to make payment on a negotiable instrument in violation of M.C.L. § 440.3412 (Count I); (2) breach of contract (Count II); (3) unjust enrichment (Count III); and (4) replevin under the Security Agreement (Count IV). Pro-Tec has also sued Beckman for breach of contract (Count V). Pro-Tec moved for summary judgment before the parties conducted any discovery. For the reasons stated below, the Court will grant Pro-Tec's motion.

**Background and Procedural History**

On February 13, 2009, Pro-Tec and Cascade executed a Promissory Note for $1,339,523.26, which represented the balance of Cascade's account with Pro-Tec. (Promissory Note, docket no. 19, Ex. A, at 2). The Promissory Note provides that

> [t]he Indebtedness shall be due and payable by Borrower ON DEMAND of Lender or, if no such demand has been sooner made, the Indebtedness shall be paid to Lender in consecutive by-weekly [sic] installments . . . . The entire unpaid Indebtedness of this Note, together with all accrued and unpaid interest shall be due and payable to Lender in full on February 12, 2010.

(*Id.* (emphasis in original)). On the same day, Cascade signed a Security Agreement granting Pro-Tec a security interest in the shoring equipment to secure repayment of the Promissory Note. (*See* Security Agreement, docket no. 19, Ex. B). Additionally, Cliff Beckmann signed a Guaranty in his individual capacity, representing that he guaranteed full and prompt payment to Pro-Tec when due, "whether by demand . . . or otherwise, all existing and future indebtedness . . . to Pro-Tec of Cascade Shoring, LLC." (Guaranty, docket no. 19, Ex. C, at 2).

Cascade made several biweekly installment payments before Pro-Tec delivered a written demand for payment to Cascade and Beckmann on July 6, 2009. Cascade and Beckmann failed to tender the balance owed on the Promissory Note. On July 22, 2009, Pro-Tec filed suit in the Eaton County Circuit Court, and on August 20, 2009, Cascade removed the case to this Court based on diversity of citizenship. On January 15, 2010, three days after the Court held a Rule 16 scheduling conference, Pro-Tec moved for summary judgment.

**Standard of Review**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

**Counts I & II: Breach of Promise to Make Payment on a Negotiable Instrument & Breach of Contract**

M.C.L. § 440.3412 states that the "issuer of a note . . . is obliged to pay the instrument (i) according to its terms at the time it was issued . . . ." M.C.L. § 440.3412. "[T]he elements of a breach of contract claim are: (1) the existence of a contract between the parties, (2) the terms of the contract require performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury." *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 718 (E.D. Mich. 2005) (citing *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir.1999)). If the language of a contract is unambiguous, the contract is construed and enforced as written. *See Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 375, 666 N.W. 2d 251, 259 (2003) (citation omitted).

The parties do not dispute the Promissory Note's formation, nor does Cascade dispute that Pro-Tec made a demand.[1] But Cascade has not paid the balance of the Promissory Note. Instead,

---

[1] The Promissory Note provides that "[t]he Indebtedness shall be due and payable by Borrower ON DEMAND of Lender or, if no such demand has been sooner made . . . [t]he entire unpaid Indebtedness of this Note, together with all accrued and unpaid interest shall be due and payable to Lender in full on February 12, 2010." (Promissory Note, docket no. 19, Ex. A (emphasis in original)). Under M.C.L. § 440.3108(3), "[i]f an instrument, payable at a fixed date, is also payable upon demand made before the fixed date, the instrument is payable on demand until the fixed date and, if demand for payment is not made before that date, becomes payable at a definite time on the fixed date." M.C.L. § 440.3108(3). Here, the Promissory Note states that it is payable on demand and Pro-Tec delivered a written demand for

3

Cascade argues that summary judgment is inappropriate because there are four material issues of fact: (1) whether the Promissory Note includes Cascade's added provision regarding the return of equipment at specified values; (2) whether Pro-Tec is required to accept equipment as payment on the Promissory Note and Guaranty; (3) the fair market value of the equipment; and (4) whether Pro-Tec can show injury in the absence of any discovery in the case. Cascade's arguments are meritless.

The Promissory Note provides that "Lender shall, *at Borrower's option and request* and upon reasonable notice, accept a return of all or substantially all of the equipment or property that Lender sold to Borrower . . . ." (Promissory Note, Ex. A (emphasis added)). Next to the signature line on the Promissory Note, Beckmann hand wrote the following term, "IN CASE OF DEFAULT, PRO-TEC AGREES TO ACCEPT A RETURN OF THE EQUIPMENT WITH VALUES BASED ON THE LETTER DATED FEBRUARY 11, 2009, FROM PRO-TEC. (SEE ATTACHED)." (Promissory Note, docket no. 19, Ex. A, at 4 (emphasis in original)). Beckmann signed on the signature line in his role as the manager of Cascade Companies, and Beckmann signed underneath the handwritten term. (*See id.*) A representative of Pro-Tec did not sign the Promissory Note. (*See id.*).

Cascade has not submitted any evidence showing that Pro-Tec was asked to accept the equipment as partial payment and declined. Whether the Promissory Note includes Beckmann's added provision regarding the value of any returned equipment is thus irrelevant to the issue of liability and the total amount of damages. Finally, Cascade's failure to pay the balance of the Promissory Note when Pro-Tec made a demand is an injury to Pro-Tec because "the universal rule is that [a demand] note is due at once, and that no demand is necessary before bringing suit." *Citizens' Savings Bank v. Vaughan*, 115 Mich. 156, 159, 73 N.W. 143 (1897). *See also Taylor v.*

---

payment before the fixed date. (*See* Promissory Note & Demand Letter, docket no. 19, Exs. A & D). Therefore, the Promissory Note is payable on demand.

*Rugenstein*, 245 Mich. 152, 154, 222 N.W. 107 (1928) (stating that "[t]he general rule is that suit may be brought on a demand note immediately after delivery"). Therefore, Cascade has breached the terms of the Promissory Note.

### Count III: Unjust Enrichment

In Michigan, a claim for unjust enrichment is not available where an express contract covers the same subject matter. *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478, 666 N.W. 2d 271, 280 (2003). Here, the Promissory Note is an express contract governing this case. The Court will dismiss Pro-Tec's unjust enrichment claim.

### Count IV: Replevin

Pro-Tec seeks to enforce the Security Agreement signed by Cascade to foreclose on its security interest and sell the specified collateral. As evidenced by Pro-Tec's exhibits, Pro-Tec's security interest is enforceable under M.C.L. § 440.9203(2), and Pro-Tec may foreclose on its security interest and sell the collateral pursuant to M.C.L. § 440.9601(1) and M.C.L. § 440.9610(1)-(2). Although the value of the equipment is presently unknown, this issue is not before the Court at this time.

### Count V: Breach of Beckmann's Guaranty Agreement

As discussed above, Cascade breached the contract with Pro-Tec by failing to pay the balance of the Promissory Note upon demand. The Guaranty agreement that Beckmann signed in his individual capacity states that Beckmann guaranteed full and prompt payment when due, "whether by demand . . . or otherwise, all existing and future indebtedness . . . to Pro-Tec of Cascade Shoring, LLC." (Guaranty, Ex. C). Beckmann does not dispute that Pro-Tec made a demand and Cascade failed to pay the balance of the Promissory Note. Therefore, Beckmann breached the Guaranty agreement by failing to pay the balance of the Promissory Note upon Cascade's default.

## Attorneys' Fees

Pro-Tec also seeks to recover its attorneys' fees and costs pursuant to the Promissory Note and Guaranty. The Promissory Note provides that "Borrower [Cascade] agrees to pay all of Lender's costs incurred in the collection of this Note, including reasonable attorney fees." (Promissory Note, docket no. 19, Ex. A, at 4). Similarly, the Guaranty states that Beckmann agrees to make full and prompt payment when due of "all existing and future indebtedness . . . to Pro-Tec of Cascade Shoring, LLC . . . [including] all costs of collecting Indebtedness, including without limit, attorney fees, charges, costs and expenses of both in-house and outside counsel and paralegals . . . [and] court costs if a suit or action is instituted." (Guaranty, docket no. 19, Ex. C, at 2). Cascade and Beckmann failed to pay the balance of the Promissory Note upon Pro-Tec's demand, and they failed to present any argument justifying their refusal to pay. Moreover, neither Cascade nor Beckmann dispute the validity of this term. Therefore, the Court will grant Pro-Tec's request for attorneys' fees.

An Order consistent with this Opinion will be entered.


Dated: June 25, 2010              /s/ Gordon J. Quist
                            GORDON J. QUIST
                       UNITED STATES DISTRICT JUDGE